# Exhibit 2



CJ-2022-4242
Mai

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

KIM LOCKWOOD AND )
V. KATHLEEN LOCKWOOD, )
)
Plaintiffs, )
) **CJ-2022-4242**
v. ) Case No.
) FILED IN DISTRICT COURT
STATE FARM FIRE AND ) OKLAHOMA COUNTY
CASUALTY COMPANY, )
) AUG 3 0 2022
Defendant. )
RICK WARREN
COURT CLERK
**PLAINTIFFS' PETITION** 42_____

   **COMES NOW** the Plaintiffs, KIM LOCKWOOD and V. KATHLEEN

LOCKWOOD (hereinafter the "Lockwoods"), and for their causes of action against

Defendant, STATE FARM FIRE AND CASUALTY COMPANY (hereinafter referred to

as "Defendant") and hereby states as follows:

## STATEMENT OF FACTS

1.   The Lockwoods own the property made the basis of this suit located at: 3504 &

     3506 Wynn Cir., Edmond, Oklahoma 73013 (the "Property"). At the times

     relevant, the Lockwoods had an insurable interest in the Property.

2.   Defendant is an insurance company formed under the laws of the State of Illinois

     with its principal place of business in Bloomington, Illinois. Defendant can be

     served with process by serving the Oklahoma Commissioner of Insurance, Glen

     Mulready, at the Oklahoma Insurance Department 400 NE 50th Street, Oklahoma

     City, OK 73105.

3.   The Lockwoods entered into a contract for insurance with Defendant to provide

     coverage for their Property.

1



4.   The Lockwoods entered into an insurance policy with Defendant who designated the policy as Policy No. 96-CS-3371-5 (the "Policy").

5.   The Policy went into effect on September 30, 2019 and expired on September 30, 2020 (herein referred to as the "Policy Period").

6.   The Policy protects the Lockwoods' Property from accidental direct physical damage because of wind, hail, and rainstorms, and other perils.

7.   Defendant represented to the Lockwoods that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims. The Lockwoods relied on said representations.

8.   During the Policy Period, the Property was severely damaged as a direct result of accidental direct physical loss caused by wind, hail, and rainstorms. The damage caused by the wind, hail, and rainstorm to the Property included but is not limited to the roof, siding, wraps, fascia, gutters, doors, paint, window glass, screens and beading, A/C units, and mailboxes.

9.   The Lockwoods timely and properly submitted a claim to Defendant, for Property damage sustained by the covered hail, wind, and rainstorm and soon thereafter provided satisfactory proof of loss. Defendant assigned the Claim number 36Z09N390Q (the "Claim").

10.  On or about August 18, 2020, Defendant inspected the Property, taking damage photographs of hail damage to the Property and marking various hail bruises on the roof.

11.  Despite a large amount of covered damage to the Property Defendant improperly adjusted the loss below deductible by failing to include all the covered damage,

2

stating that a majority of the damage was not covered. Defendant also improperly adjusted the Claim by applying the incorrect depreciation amount to the Property, specifically the roof.

12. In response to Defendant's failure to properly adjust the Claim, the Lockwoods retained a professional engineer to inspect the Property and document the covered damage found, the cause of such damage, and the date ranges for the damage and weather events.

13. The Lockwoods' engineer found a large amount of hail damage similar to Defendant's adjuster but determined all of the damage occurred during the Policy Period.

14. Shortly after receiving the engineer's report, the Lockwoods provided Defendant with the report which included the engineer's findings, photographs of covered damage to the Property, weather data, and historical records documenting the large hail that fell close to the Lockwoods' Property during the Policy Period.

15. Defendant denied the Lockwoods' Claim despite the hail damage found by its own adjuster and the fact that the roof had been replaced within the last ten years.

16. Defendant further improperly denied coverage for the Lockwoods' Claim wrongfully asserting the Lockwoods have no insurable interest for the Claim.

17. Defendant failed to perform a proper inspection of the Property and as a result improperly denied and underpaid the Lockwoods' Claim.

18. Defendant and its adjusters assigned to the claim prepared a report that failed to include all the damages sustained by the Property and undervalued the damages observed during the inspection.

3

19.   Defendant and its adjusters' unreasonable investigation led to the underpayment and denial of the Lockwoods' Claim.

20.   Moreover, Defendant and its adjusters performed an outcome-oriented investigation of the Lockwoods' Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

## STATUTORY AUTHORITY

21.   Pursuant to 12 O.S. § 2004(F), this Court has personal jurisdiction over Defendant.

22.   Venue is proper in Oklahoma County Under 12 O.S. § 134 because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

23.   Further, the Lockwoods' causes of action are protected under 12 O.S. § 100 as this new action is being commenced within one year from the Lockwoods' voluntary dismissal without prejudice of these claims which occurred on August 31, 2021.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

24.   The Lockwoods adopt and incorporate by reference paragraphs 1 through 23 above as if fully plead herein, and for further claims against Defendant, alleges as follows:

25.   The Lockwoods entered into a contract for insurance with Defendant to provide coverage for the Property.

26.   At all times material hereto, the Policy of insurance, Policy No. 96-CS-3371-5, was in full force and effect.

27.   The Lockwoods provided timely and proper notice of their Claim of property

4

damage arising from a wind/hailstorm or other covered loss that occurred during the Policy Period.

28. The Lockwoods have complied with the terms and conditions and all conditions precedent under the policy of insurance.

29. This notwithstanding, Defendant has breached its contractual obligations under the terms and conditions of the insurance contract with the Lockwoods by failing to pay the Lockwoods all benefits owed.

30. As a result of Defendant's breach of contract, the Lockwoods have sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

## SECOND CAUSE OF ACTION

## TORTIOUS BAD FAITH

31. The Lockwoods adopt and incorporate by reference paragraphs 1 through 30 above as if fully plead herein, and for further claims against the Defendant and alleges as follows:

32. Defendant owed a duty to the Lockwoods to deal fairly and act in good faith.

33. Defendant breached its duty to deal fairly and act in good faith by engaging in the following acts and/or omissions:

   a. Arbitrarily disregarding evidence provided to Defendant by the Lockwoods that tended to show Defendant's basis for denial was wrong such as disregarding the Lockwoods' engineer's report and weather data, and other evidence of insurance benefits owed under the policy.

5

b.    Disregarding the Lockwoods' insurable interest in the Property and misrepresenting that the Lockwoods' alleged lack of insurable interest was a proper basis for Defendant to deny coverage of the Claim.

c.    Placing the burden of investigation of the Claim on Plaintiffs.

d.    Failing to pay the full and fair amount for the property damage sustained by the Lockwoods during the wind and hailstorm that arose during the Policy Period in accordance with the terms and conditions of the Policy.

e.    Failing to pay all additional coverages due and owing to the Lockwoods under the terms and conditions of the Policy.

f.    Violating the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16 by wrongfully, intentionally, and repeatedly withholding benefits and coverages due and owing to the Lockwoods under the terms and conditions of the Policy.

g.    Wrongfully, intentionally, and repeatedly failing to communicate all coverages and benefits applicable to the Lockwoods' Claim.

h.    Forcing the Lockwoods to obtain legal counsel to recover insurance benefits entitled to under the terms and conditions of the Policy.

i.    Failing to conduct a fair and objective investigation of the damage to the Lockwoods' Property.

j.    Intentionally engaging in an outcome-oriented investigation.

k.    Intentionally engaging in a systematic scheme designed to save money otherwise due and owing to the Lockwoods and others similarly situated insureds as a cost-saving mechanism.

6

34. Defendant's obligations to the Lockwoods arise from both express terms under the Policy and the Oklahoma Insurance Code as well as implied obligations under Oklahoma law.

35. Defendant's failure to implement and/or follow the statutory impositions under the Oklahoma Insurance Code constitutes bad faith.

36. Defendant's conduct is a material breach of the terms and conditions of the Policy entered into with the Lockwoods and constitutes bad faith.

37. As a direct and proximate result of Defendant's unfair claims handling conduct, the Lockwoods' Claim was unnecessarily delayed, inadequately investigated, and wrongfully underpaid. Said actions resulted in additional profits and a financial windfall for Defendant.

38. As a result of Defendant's conduct, the Lockwoods have sustained financial losses and have been damaged in an amount that exceeds Seventy-Five Thousand ($75,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

39. The conduct of Defendant was intentional, willful, malicious, and in reckless disregard to the rights of the Lockwoods, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

40. The Lockwoods further allege Defendant enjoyed increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Lockwoods.

## **PRAYER FOR RELIEF**

**WHEREFORE,** premises considered, Plaintiffs pray for judgment against Defendant for:

7

a.  Payment of all contractual benefits for all coverages afforded to Plaintiffs under the subject Policy for damage to their Property caused by a wind/hail events and weather or other covered events that occurred during the Policy Period with interest on all amounts due;

b.  Disgorgement of the financial benefits derived by Defendant as a direct result of Defendant's wrongful or intentional, willful, malicious and/or reckless conduct;

c.  Actual and punitive damages in an amount that exceeds Seventy-Five Thousand Dollars ($75,000.00); and

d.  Attorneys' fees, costs, and interest, including pre-judgment and post-judgment interest.

Respectfully submitted,

Terry M. McKeever
OBA No. 21751
tmm@fylaw.com
S. Alex Yaffe
OBA No. 21063
ay@fylaw.com
**FOSHEE & YAFFE**
P.O. Box 890420
Oklahoma City, Oklahoma 73189
Telephone:    (405) 632-3033
Facsimile:    (405) 632-3036
**ATTORNEYS FOR PLAINTIFFS**

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**

8