# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

(1) KIM LOCKWOOD AND )
(2) V. KATHLEEN LOCKWOOD, )
                        Plaintiffs, )
                         )
v. ) Case No. CIV-23-170-R
                         )
(1) STATE FARM FIRE AND )
CASUALTY COMPANY, )
                        Defendant. )

## DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER TO PLAINTIFFS' PETITION

Defendant State Farm Fire and Casualty Company ("State Farm"), through its undersigned counsel, hereby submits its answer and defenses to Plaintiffs' Petition. In answer, State Farm denies each and every allegation of the Petition unless hereinafter specifically admitted.

## ANSWER

1. Denied.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. State Farm admits that State Farm policy number 96-CS-3371-5 (the "Policy") provided coverage for Plaintiffs' Property. The coverage provided was as stated

in the Policy, which speaks for itself. State Farm denies all allegations in paragraph 6 of the Petition that are inconsistent with the Policy.

7. State Farm denies making any representations to Plaintiffs concerning its legal duties. State Farm denies any implication that it breached any covenant of good faith and fair dealing in the handling of Plaintiffs' insurance claim. Any remaining allegations in paragraph 7 of the Petition are denied.

8. State Farm denies that there was severe damage to the Property as a direct result of accidental direct physical loss during the Policy Period as defined in the Petition. State Farm's inspection determined that there was minor hail damage to certain soft metals on the roof and damage to beading, and that any loss did not exceed the $1,000 Policy deductible. State Farm denies any remaining allegations in paragraph 8 of the Petition.

9. State Farm denies that Plaintiffs timely and properly submitted their claim to State Farm. State Farm denies that the claim number listed in paragraph 9 of the Petition is accurate. State Farm admits that claim number 36-09N3-9Q was assigned for Plaintiffs' claim. Any remaining allegations in paragraph 9 are denied.

10. State Farm admits that an adjuster inspected the Property on its behalf on or about August 18, 2020, taking pictures of the inspection, but State Farm denies Plaintiffs' description of the photographs. State Farm states that the pictures and notations included therewith speak for themselves, and State Farm denies that there was any hail damage to the Property except for the limited damage included in State Farm's estimate and referenced in letters to Plaintiffs. Any remaining allegations in paragraph 10 are denied.

11. Denied.

12. State Farm denies that it failed to properly adjust Plaintiffs' claim. Upon information and belief, State Farm admits that either Plaintiffs or their public adjuster retained Valor Forensic Engineering Services to prepare a report concerning the Property. Any remaining allegations in paragraph 12 are denied.

13. Denied.

14. State Farm is without knowledge or information sufficient to form a belief as to when Plaintiffs received the referenced engineer report and, therefore, those allegations are denied. State Farm admits that the public adjuster acting on Plaintiffs' behalf submitted the engineer's report to State Farm. State Farm denies that the engineer's findings are accurate. Any remaining allegations in paragraph 14 are denied.

15. State Farm admits that the loss concerning Plaintiffs' claim was below the deductible and that no payment to Plaintiffs was warranted as a result. State Farm denies the remaining allegations in paragraph 15.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## STATUTORY AUTHORITY

21. The allegations in paragraph 21 are legal conclusions to which no factual response is required. To the extent a response is required, State Farm states that it removed this case to this Court. State Farm does not contest jurisdiction or venue.

22. The allegations in paragraph 22 are legal conclusions to which no factual response is required. To the extent a response is required, State Farm states that it removed this case to this Court. State Farm does not contest jurisdiction or venue.

23. The allegations in paragraph 23 are legal conclusions to which no factual response is required. To the extent a response is required, State Farm admits that Plaintiffs filed the current action within one year of their voluntary dismissal of the claims on August 31, 2021 but denies that Plaintiffs' claims are timely.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

24. State Farm incorporates by reference its answers provided to paragraphs 1-23 as though fully stated herein.

25. Admitted.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## SECOND CAUSE OF ACTION

## TORTIOUS BAD FAITH

31. State Farm incorporates by reference its answers to paragraphs 1-30 as though fully stated herein.

32. The allegations in paragraph 32 are legal conclusions to which no factual response is required. To the extent a response is required, State Farm denies that it has breached any covenant of good faith and fair dealing in the handling of Plaintiffs' insurance claim.

33. Denied, including subparagraphs a-k.

34. The allegations in paragraph 34 are legal conclusions to which no factual response is required. To the extent a response is required, State Farm denies that it has breached any covenant of good faith and fair dealing in the handling of Plaintiffs' insurance claim.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

As to Plaintiffs' prayer for relief, State Farm admits that Plaintiffs have demanded damages in excess of that required for diversity jurisdiction under 28 U.S.C. § 1332. State Farm denies all other allegations contained in Plaintiffs' prayer for relief and denies that Plaintiffs are entitled to any of the relief requested. Instead, State Farm asserts that judgment should be entered in this action in favor of State Farm and against Plaintiffs, and that State Farm should be awarded its attorneys' fees, costs, and all other relief to which this Court determines it to be entitled.

## **DEFENSES**

State Farm asserts the following defenses and reasserts its answers to each and every paragraph of the Petition, as set forth above, incorporating them by reference herein. By pleading these defenses, State Farm does not concede that it has the burden of proof or persuasion on any of these issues, such determination to be made by applicable law. State Farm reserves the right to amend its answer to assert additional defenses if appropriate based on information disclosed during discovery.

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

3. Plaintiffs' claims are barred by the applicable statutes of limitation.

4. Plaintiffs have breached their contractual obligations to State Farm, including their duty to timely report the alleged loss.

5. Plaintiffs' claims are barred by the "Suit Against Us" provision of the Policy.

6. Plaintiffs have failed to satisfy the conditions of the Policy.

7. State Farm has not breached any contract with Plaintiffs but has fully complied with the terms of the insurance agreement between the parties.

8. State Farm has dealt reasonably, fair, and in good faith with Plaintiffs.

9. State Farm has acted reasonably and in good faith in its handling, investigation, and decision on Plaintiffs' claim. At a minimum, a legitimate dispute exists as to coverage and/or the amount owed for any damage covered by the Policy.

10. Plaintiffs have not suffered any damages as result of any conduct by State Farm.

11. Any damages suffered by Plaintiffs were not proximately caused by any act or omission of State Farm or any breach of any legal duty by State Farm.

12. Plaintiffs have failed to mitigate their damages.

13. Plaintiffs are not entitled to pre- or post-judgment interest.

14. Plaintiffs are not entitled to attorneys' fees and/or costs.

15. State Farm did not engage in any activity that would entitle Plaintiffs to punitive damages. An award of punitive damages under the facts and circumstances alleged would deny State Farm its rights and violate the Constitutions of the State of Oklahoma and the United States of America, and such an award would be a penalty in violation of the laws of the State of Oklahoma and the United States of America. Further, to the extent Plaintiffs attempt to recover punitive damages under 23 O.S. § 9.1, such statute is unconstitutional under the Due Process Clause of the United States Constitution and the decisions of the United States Supreme Court.

WHEREFORE, Defendant State Farm Fire and Casualty Company prays that Plaintiffs recover nothing by way of their Petition, that judgment be entered in favor of State Farm and against Plaintiffs, and that State Farm be awarded its costs, attorneys' fees, and such other and further relief as appropriate under the law and the discretion of this Court.

Respectfully submitted,

*/s/ Timila S. Rother*
TIMILA S. ROTHER, OBA # 14310
ANDREW E. HENRY, OBA # 32009
**CROWE & DUNLEVY, PC**
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700
Facsimile: (405) 239-6651
timila.rother@crowedunlevy.com
andrew.henry@crowedunlevy.com
**ATTORNEYS FOR DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2023, I electronically transmitted the foregoing document to the Court Clerk using the ECF system of filing, which will transmit a Notice of Electronic Filing to the following ECF registrants:

Terry M. McKeever
S. Alex Yaffe
FOSHEE & YAFEE
P.O. Box 890420
Oklahoma City, OK 73189

/s/ *Timila S. Rother*
Timila S. Rother

5281661