IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIM LOCKWOOD AND <br> V. KATHLEEN LOCKWOOD, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE AND <br> CASUALTY COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIV-23-00170-R <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Date of Conference:    April 6, 2023

Appearing for Plaintiff:    Terry M. McKeever, Esq.
　　　　　　　　　　　Alec N Fraser, Esq.
　　　　　　　　　　　FOSHEE & YAFFE LAW FIRM
　　　　　　　　　　　P.O. Box 890420
　　　　　　　　　　　Oklahoma City, OK 73189
　　　　　　　　　　　Telephone:   (405) 632-6668
　　　　　　　　　　　Facsimile:    (405) 632-3036

Appearing for Defendant:    Timila S. Rother, OBA No. 14310
　　　　　　　　　　　　Andrew E. Henry, OBA No. 32009
　　　　　　　　　　　　Crowe & Dunlevy, PC
　　　　　　　　　　　　Braniff Building
　　　　　　　　　　　　324 N. Robinson Ave., Suite 100
　　　　　　　　　　　　Oklahoma City, OK 74102
　　　　　　　　　　　　(405) 235-7700
　　　　　　　　　　　　(405)239-6651-fax
　　　　　　　　　　　　timila.rother@crowedunlevy.com
　　　　　　　　　　　　andrew.henry@crowedunlevy.com

**Jury Trial Demanded X  -  Non-Jury Trial ☐**

1.　　**BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language

the facts and positions of the parties to inform the judge of the general nature of the case.

Plaintiffs: The Lockwoods owned property in Edmond, Oklahoma (the "Property"). The Lockwoods insured the Property with State Farm (the policy period was September 30, 2019, through September 30, 2020). The Property was severely damaged from a covered loss caused by wind, hail, and rainstorms. State Farm unreasonably adjusted the insurance claim for an amount below the covered damages after a biased, unfair, and inequitable evaluation of the plaintiffs' losses on the Property.

Defendant: This case involves minor or no hail damage to the roof of the home previously owned by Plaintiffs, but the public adjuster hired by Plaintiffs demanded a total roof replacement. The insureds' public adjuster originally claimed a date of loss of March 27, 2020. Plaintiffs did not report their claim until July 31, 2020. State Farm's inspection revealed no hail damage to roof shingles and only small hail impacts to some soft metals. After applying the $1,000 deductible under the Policy to the cost of the minor damage, State Farm properly determined that no payment on the claim was owed and informed insureds of the same in a letter dated August 26, 2020.

On January 20, 2021, roughly five months after the State Farm claim determination, State Farm received an engineer report and additional information from the public adjuster. The public adjuster requested that the date of loss be changed to March 23, 2019, which is more than a year before Plaintiffs submitted their claim. State Farm reviewed the additional materials submitted and detailed its denial of the claim in a letter dated February 12, 2021. Plaintiffs filed their original lawsuit on August 2, 2021, more than two years after the claimed date of loss. The lawsuit was removed to this Court under Case No. CIV-21-857-D and dismissed without prejudice on August 31, 2021. Plaintiffs refiled the instant lawsuit by new counsel in state court, and State Farm again removed to this Court. The evidence shows that State Farm conducted a prompt and reasonable investigation, and that its decisions were reasonable under the facts and circumstances and policy requirements. State Farm did not breach the contract as a matter of law, and this case presents the quintessential case where there is at a minimum a "legitimate dispute" as to the amount of loss, negating Plaintiffs' claim of bad faith.

2. **JURISDICTION**.  State the basis on which the jurisdiction of the Court is invoked and any presently known objections. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

3. **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

    a.  State Farm insured the Property under Policy number 96-CS-3371-5.

    b.  Plaintiffs are residents of Oklahoma.

    c.  Defendant is a resident of Illinois.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

a.  Plaintiff: Plaintiff alleges that Defendant breached the insurance policy it drafted and issued to Plaintiff by failing to pay the full amount of damages sustained by the Property as a result of a covered cause of loss. Plaintiff also alleges that Defendant breached its duty of good faith and fair dealing in handling the claim. Plaintiffs are entitled to compensatory and punitive damages.

b.  Defendant:

   1. State Farm properly evaluated and estimated Plaintiffs' claim, and after application of the deductible, no payment under the Policy was owed.

   2. State Farm did not breach any contract with Plaintiffs but has fully complied with the terms of the insurance agreement.

   3. State Farm timely and reasonably investigated Plaintiffs' claim.

   4. Plaintiffs failed to timely report their claim or otherwise comply with the terms of the Policy, and Plaintiffs' claims are barred by the "Suit Against Us" provision of the Policy.

   5. At a minimum, this case presents a "legitimate dispute" as to the value of a claim and coverage, which negates Plaintiffs' bad faith claim as a matter of law.

   6. State Farm did not engage in any activity that would entitle Plaintiffs to punitive damages. An award of punitive damages under the facts and circumstances alleged would deny State Farm its rights and violate the Constitutions of the State of Oklahoma and the United States of America, and such an award would be a penalty in violation of the laws of the State of Oklahoma and the United States of America. Further, to the extent Plaintiffs attempt to recover punitive damages under Okla. Stat. tit. 23, § 9.1, such

   statute is unconstitutional under the Due Process Clause of the United States Constitution and the decisions of the United States Supreme Court.

   7. State Farm is entitled to its attorneys' fees and costs arising from this action, and Plaintiffs are not entitled to any recovery at all, including fees or costs.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
   Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?   Yes

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

   There are no pending motions at this time. State Farm anticipates filing a motion for summary judgment on both the claim for breach of contract and the claim for tortious bad faith.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made? No. The parties anticipate making initial disclosures by April 7, 2023.

8. **PLAN FOR DISCOVERY**.

   A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on March 27, 2023.

   B. The parties anticipate that discovery should be completed within eight months.

   C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? Five months.

   D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

      X Yes ☐ No

   E. Have the parties discussed issues relating to claims of privilege or of

protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

X Yes ☐ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

None at this time.

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

The parties anticipate submission of an Agreed Protective Order in accord with the procedures of this Court. The parties do not believe that there are any other discovery issues at this time.

9. **ESTIMATED TRIAL TIME**:   3-4 days.

10. **BIFURCATION REQUESTED**:   No

11. **POSSIBILITY OF SETTLEMENT**:   Good   X Fair   Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

   A. Compliance with LCvR 16.1(a)(1) - ADR discussion:  X Yes   ☐ No

   B. The parties agree to hold mediation after a reasonable time for discovery has occurred.

13. Parties consent to trial by Magistrate Judge?   No

14. Type of Scheduling Order Requested.  The parties request a Standard scheduling order.

Submitted this <u>27th</u> day of <u>March 2023</u>.

        */s/ Terry M. McKeever*
S. Alex Yaffe, OBA #21063
ay@fylaw.com
Terry M. McKeever, OBA #21751
tmm@fylaw.com
Alec N. Fraser, OBA #
Alec.Fraser@fylaw.com
FOSHEE & YAFFE LAW FIRM
P.O. Box 890420
Oklahoma City, OK 73189
Telephone:   (405) 632-6668
Facsimile:   (405) 632-3036
*ATTORNEYS FOR PLAINTIFFS*


        */s/ Andrew E. Henry*
Timila S. Rother, OBA # 14310
Andrew E. Henry, OBA # 32009
CROWE & DUNLEVY, PC
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700
Facsimile: (405) 239-6651
timila.rother@crowedunlevy.com
andrew.henry@crowedunlevy.com
*ATTORNEYS FOR DEFENDANT*